```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

FRANK FRADELLA, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 07-3800

SKYVIEW AVIATION LLC, ET AL.              SECTION: "A" (3)
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss, or in the Alternative, To Transfer to the Northern District of Georgia (Rec. Doc. 11)** filed by defendant Skyview Aviation, Inc. ("Skyview"). Plaintiffs, Frank Fradella and Lauren Young, oppose the motion. The motion, set for hearing on January 23, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED and this action is TRANSFERRED to the Northern District of Georgia.

### I. BACKGROUND

Plaintiffs Frank Fradella and Lauren Young ("Plaintiffs") allege that they were injured in an aircraft collision on the ground at DeKalb-Peachtree Airport in Atlanta, Georgia. (Comp. ¶ 4). At the time of the collision the aircraft was being piloted by Skyview's president Marlin W. Jackson. (Comp. ¶ 5; Def. memo. at 2). The aircraft had flown from Tampa, Florida to retrieve Plaintiffs who were in Tunica, Louisiana. (Def. memo. at 2).

Skyview moves to dismiss the case arguing that it is not subject to personal jurisdiction in Louisiana and also that venue

in this Court is not proper.  Alternatively, Skyview moves to transfer the action to the Northern District of Georgia pursuant to either 28 U.S.C. § 1404(a) (convenience of the parties) or 28 U.S.C. § 1406(a) (transfer of venue).

In opposition, Plaintiffs argue that Skyview should be subject to personal jurisdiction in Louisiana and that it would be just as convenient to try this case in Louisiana as in Georgia.

## II.  DISCUSSION

Assuming *arguendo* that venue is proper in this district, the court nevertheless has discretion to transfer the action pursuant to 28 U.S.C. 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (West 2006).  The preliminary question under § 1404 is whether the suit could have been filed originally in the destination venue.  In re Volkswagen of America, Inc., 506 F.3d 376, 380 (5th Cir. 2007).  If that question is answered in the affirmative, then the court considers a number of private and public interest factors, none of which carries dispositive weight.  Id. (citing Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004)).  *Private* interests in a

transfer decision include the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive.  Id. (citing In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)).  *Public* interests factors to consider are the administrative difficulties flowing from court congestion, the local interest in having localized controversies resolved at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of law or in the application of foreign law.  Id.

The plaintiff's choice of forum is entitled to some deference under the analysis.  Volkswagen, 506 F.3d at 384.  When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed.  Id.  However, when the transferee forum is clearly more convenient, a transfer should be ordered. Id.

Turning to the instant case, the Court begins by noting that this case could have been filed originally in the destination venue.  28 U.S.C. § 1391(a) makes venue proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C.A. § 1391(a) (West

3

2006).  Plaintiffs seek damages for personal injuries sustained in a collision that occurred in or around Atlanta Georgia, which is located in the Northern District of Georgia.  Clearly a substantial part of the events or omissions giving rise to the claims asserted occurred in that forum.  Thus, the threshold requirement for a § 1404(a) transfer is met.  The Court now must consider the various private and public factors that comprise the § 1404(a) analysis.

All of the private factors militate in favor of transferring this action to the Northern District of Georgia.  The accident occurred in that venue and the eyewitnesses who were working that day are located in that venue.  This court will not have subpoena power to compel those witnesses to attend trial in Louisiana and several witnesses have submitted affidavits attesting that traveling to this forum for a trial would be an inconvenience.  The cost of trying the case will be increased if the parties have to pay travel expenses for those witnesses willing to attend.

Likewise, all public factors militate in favor of transferring this case to the Northern District of Georgia.  The citizens of this district have no interest in resolving this non-local controversy.  Further, the parties' rights and obligations will most likely be governed by the law of the forum where the tort occurred and the Georgia court is far better positioned to

4

apply that law.  The transfer will therefore avoid any problems with conflict of law or with this Court applying the law of another forum.

Under the circumstances Plaintiffs' choice of forum garners no deference.  Plaintiffs are residents of this forum and they have retained local counsel which is understandable.  But this case has a tangential relationship to this forum at best.  Transfer to the Northern District of Georgia is appropriate.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss, or in the Alternative, To Transfer to the Northern District of Georgia (Rec. Doc. 11)** filed by defendant Skyview Aviation, Inc. is **GRANTED.**  The action is **TRANSFERRED** to the Northern District of Georgia.

January 29, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5